IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| MATTHEW LYNAM,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C21-4053-LTS<br>(Crim. No. CR18-4045-LTS)<br><br>**INITIAL REVIEW ORDER** |

## I.    INTRODUCTION

This matter is before me on petitioner Matthew Lynam's pro se motion (Doc. 1) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Lynam also filed a brief (Doc. 2), a pro se motion for preliminary review (Doc. 3) and a submission docketed as correspondence (Doc. 4). He alleges he is entitled to relief based on one claim of ineffective assistance of counsel.

On May 24, 2018, Lynam was indicted on three counts related to firearms. Crim. Doc. 1. Pursuant to a Federal Rule of Criminal Procedure Rule 11(c)(1)(C) plea agreement, Lynam pleaded guilty on December 3, 2018, to three counts of the superseding indictment: conspiracy to possess and sell stolen firearms in violation of 18 U.S.C. § 371, possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(1)(2), and possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) and 924(a)(2). Crim. Docs. 95, 146, 150. On June 17, 2019, I sentenced him to 180 months' imprisonment and three years of supervised release, consistent with the terms of the plea agreement. Crim. Doc. 191. Absent that plea agreement, the recommended sentencing guideline range was 110 to 137

months. Doc. 184 at 25. Lynam did not file a direct appeal. He signed the present motion on November 15, 2021.

## II.   INITIAL REVIEW STANDARD

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence. 28 U.S.C. § 2255(a). To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or [that the judgment or sentence] is otherwise subject to collateral attack.

*Id.*; *see also* Rule 1 of the Rules Governing § 255 Proceedings (specifying scope of § 2255). If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Rule 4(b) of the Rules Governing § 2255 Proceedings requires the court to conduct an initial review of the motion and dismiss the motion if it is clear that it cannot succeed. Three reasons generally give rise to a preliminary Rule 4(b) dismissal. First, summary dismissal is appropriate when the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 432 U.S. 63, 75-76 (1977).

Second, summary dismissal is appropriate when the motion is beyond the statute of limitations. Section 2255(f) states that a one-year limitations period shall apply to motions filed under 28 U.S.C. § 2255. *See, e.g., Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or

2

laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The most common limitation period is the one stemming from final judgment. If no appeal is taken, judgment is final fourteen days after entry. *See* Federal Rule of Appellate Procedure 4(b) (giving defendants fourteen days to file a notice of appeal in a criminal case). If an appeal is taken, the time to file begins to run either 90 days after the denial if no further appeal is taken or at the denial of certiorari if a petition for certiorari is filed. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *see also* U.S. Sup. Ct. R. 13.

This is a strict standard with only very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> The Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (*quoting Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)) (applicable to section 2254 petitions; *see also United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Third, summary dismissal is appropriate when the movant has filed a previous § 2255 motion. Under the rules, movants are prohibited from filing a second 28 U.S.C. § 2255 motion unless they are granted leave from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3)(A); *see also United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Dismissal is appropriate if the movant has failed to obtain leave to file a second or successive habeas motion. *Id.*

### III.  INITIAL REVIEW ANALYSIS

Lynam was sentenced on June 17, 2019. Because he did not file a direct appeal, his one-year limitation period began to run 14 days later, on July 1, 2019. Thus, his one-year period expired on July 1, 2020. Lynam did not sign or attempt to file the present motion until November 15, 2021. Absent an exception, his motion is untimely.[1]

The one-year limitations period set forth in § 2255(f) may be equitably tolled when a movant establishes (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Muhammad v. United States,* 735 F.3d 812, 815 (8th Cir. 2013); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000). This doctrine, however, gives a habeas petitioner "an exceedingly narrow window of relief." *Jihad v. Hvass,* 267 F.3d 803, 805 (8th Cir.2001). In Lynam's § 2255 motion, he asserts that "[t]he government denied me access to legal materials for over 2 years. This impediment prevented me from preparing this motion. The impediment began when I was placed in the SHU at USP Florence and ended on Aug. 30, 2021, when I left quarantine at USP Tucson." Doc. 1 at 11.

Equitable tolling does not excuse Lynam's extreme delay. He has not shown that extraordinary and external circumstances prevented him from seeking relief in a timely manner. He does not describe the lockdown and any consequential effect on the

---

[1] Lynam concedes in his § 2255 motion that it is untimely but takes a contrary position in his subsequently filed motion for preliminary review. Doc. 1 at 11, Doc. 3 at 2.

4

preparation of his motion. The Eighth Circuit has held that prisoners' confinement in restrictive special housing units (SHUs) does not warrant the equitable tolling of § 2255 motions. *See, e.g., Chachanko v. United States*, 935 F.3d 627, 628–30 (8th Cir. 2019) (rejecting tolling of the statute of limitations when movant was in a SHU for two years and filed a letter seeking § 2255 relief a month after release from the SHU and filed his motion three months later); *Muhammad v. United States*, 735 F.3d 812 (8th Cir. 2013) ("Muhammad's five-month confinement in the [SHU] does not constitute an extraordinary circumstance warranting the application of equitable tolling."); *see also Gonzalez-Gonzalez v. United States,* No. C16-4076-MWB, 2017 WL 1027034, at *3 (N.D. Iowa Mar. 16, 2017) (rejecting equitable tolling for 19-month delay based on two extended SHU stays).

Nor has Lynam shown that he pursued his rights diligently, either while he was in SHU or once he was not. By his own account, any alleged impediments were gone by August 30, 2021. Yet he waited another month just to send a letter to the court to request a form to file the motion. Crim. Doc. 200. Two months after that, he filed a bare-bones § 2255 motion that simply asserted his one ground for relief was "ineffective assistance of counsel – guilty plea invalid." Doc. 1 at 4. Another month later (four months after release from the SHU) he finally filed his brief. Doc. 2. Nothing suggests that the ground for his ineffective assistance of counsel claim for 2255 relief was unknown or unknowable to him.[2] *See Diaz–Diaz v. United States,* No. 08–1116, 2008 WL 4746862, at *1 (8th Cir. Oct. 29, 2008) (reasoning that defendant's waiting "many months before following up on his request for legal materials cuts against his claim for equitable tolling. Thus, [the Defendant] failed to establish 'diligent pursuit' of his rights."). Lynam fails

---

[2] Lynam contends his counsel was ineffective during the plea process and that he made an uninformed decision to accept the plea agreement because counsel incorrectly advised him that he had to accept a 180-month sentence for the government to agree to drop state charges. Doc. 2 at 1-2. He asserts that he learned during sentencing of an email from prosecutors and that his guideline sentencing range was lower than he previously understood. *Id.*

5

to demonstrate that he diligently pursued his claims and that the failure to timely file was beyond his control. Equitable tolling is unavailable.

Based on my initial review of Lynam's motion, I find that it is untimely and does not qualify for an exception. Thus, will dismiss the motion without considering its merits.

## IV. CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). *See also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)).

Courts reject constitutional claims either on the merits or on procedural grounds. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, the movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

6

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

In this case, I find that it is not debatable whether Lynam's claim is time barred. Accordingly, I decline to grant a certificate of appealability. If Lynam desires further review of his 28 U.S.C. § 2255 petition, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## V. *MOTION FOR PRELIMINARY REVIEW*

Lynam filed a pro se motion (Doc. 3) for preliminary review. That motion will be denied as moot.

## VI. *CONCLUSION*

For the reasons set forth herein:

1. This action is hereby **dismissed with prejudice**.
2. A certificate of appealability shall not issue.
3. The Clerk of Court shall close this case.
4. Lynam's motion for preliminary review (Doc. 3) is **denied** as moot.

**IT IS SO ORDERED.**

**DATED** this 29th day of June, 2022.

_____
Leonard T. Strand, Chief Judge